# IN THE UNTIED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **DAVID WEIR** <br> 5554 Mark Dale Drive <br> Dayton, Ohio 45459 <br><br> Plaintiff, <br><br> v. <br> **RANDY MOUNT** <br> **11125 Yankee Street, Suite B** <br> **Dayton, OH 45458** <br><br> AND <br><br> **RAM RESTORATION LLC** <br> c/o Gregory S. Page, Statutory Agent <br> 7501 Paragon Rd. <br> Dayton, OH 45459 <br><br>    Also serve: <br>    **Ram Restoration, LLC** <br>    **11125 Yankee Street, Suite B** <br>    **Dayton, OH 45458** <br><br>    Defendants. | Case No.: 3:17-CV-81 <br><br> Judge <br><br><br> **COMPLAINT FOR NON-PAYMENT OF** <br> **WAGES, FLSA, BREACH OF** <br> **CONTRACT, AND CONSTRUCTIVE** <br> **DISCHARGE** |

## PARTIES

1. Plaintiff David Weir (hereinafter referred to as "Plaintiff" or "Weir") is a current resident of Dayton, Ohio 45459.

2. Defendant Ram Restoration LLC (hereinafter referred to as "Defendant" or "Ram"), does quality residential and commercial construction, roofing, and remodeling. Ram also does mold inspection, testing, and remediation; along with water and fire damage restoration and is located at 11125 Yankee Street, Dayton, Ohio 45458.

3. Ram Restoration is an employer within the definition of and an employer within the meaning of 29 U.S.C. § 203(d).

4. Defendant Randy Mount, an individual, is believed to be the sole owner of the LLC. He was the direct supervisor at all times relevant to this complaint and an employer within the meaning of 29 U.S.C. § 203(d).

5. Weir was employed by Ram Restoration as a sales manager and is an employee within the meaning of 29 U.S.C. § 203(e).

6. Upon information and belief, Defendants are a covered enterprise under the FLSA as they employ multiple persons and have an annual dollar volume of sales or business of at least $500,000.

7. Regardless of Defendants' status as a covered enterprise, Weir was an employee engaged in interstate commerce through Defendants' workplace and is protected by the FLSA's individual coverage provisions.

## JURISDICTION AND VENUE

8. Plaintiff seeks to recover for violations of the FLSA, Ohio Revised Code §4113.15 and other state law related claims.

9. This Court has jurisdiction over this matter pursuant to the 28 U.S.C. § 216(b) and 28 U.S.C. §1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §216(b) and the Ohio Prompt Pay Act ORC §4113.15.

10. Venue is proper in this judicial district and division because Plaintiff worked for the benefit of Defendant in this judicial district and division and all significant acts occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS

11. Weir was hired as a sales person by Defendant, Ram Restoration (hereinafter "Ram") on August 18, 2013.

12. Weir performed his duties regularly and his record is free from disciplinary actions.

13. During a meeting with Randy Mount (hereinafter "Mount") on or before August of 2014, Weir was promoted to a Sales Manager.

14. Weir's promotion included a base salary of $70,000 annually plus a .005% commission on all sales.

15. Weir was also to receive reimbursement of all his expenses in a timely manner.

16. In 2015, Weir began experiencing concerns with receiving his pay in a timely manner.

17. Over the course of several months in late 2015, Ram issued multiple payroll checks to Weir which were returned due to non-sufficient funds.

18. In December of 2015, Weir was discharged as a customer from his personal banking institution as a result of payroll concerns and the subsequent overdrafts in his account.

19. In January of 2016, Ram again issued multiple payroll checks which were returned due to non-sufficient funds.

20. For the payperiod beginning February 7, 2016, Weir was issued a handwritten check in lieu of his regular payroll check. No paystub was attached and there were no itemized payroll deductions indicated.

21. This check appears to be written from the same account as his reimbursement checks were issued.

22. Fearing dismissal from his employment and another bank, Weir accepted the handwritten check.

23. For the next several pay periods, RAM issued several handwritten checks, some more than a week late.

24. On or about March 17th, 2016 Weir received a Check No. 3348 in the amount of $1066.00 for compensation for his employment during the week of February 28, 2016 through March 5, 2016.

25. Weir has not received any wages since March 17, 2016.

26. On or about March 25, 2016, Weir sent Mount a text message requesting his late check.

27. Again, on March 28, 2016 Weir sent Mount a text message requesting an update as to the status of his wage compensation for the weeks of March 6, 2016 and March 13, 2016.

28. Weir did not receive a response from Mount.

29. Weir was on paid vacation leave during the week of April 3, 2016 for a pre-scheduled family vacation.

30. Weir sent another text message to Mount on or about April 10, 2016.

31. Mount did respond to this message stating that he would not pay him until the invoices from newer accounts were paid by customers.

32. On April 11, 2016, Weir returned from his vacation and arrived at the office.

33. After his requests for payment for the last five (5) weeks of wages went unresolved, Weir resigned his position and left the premises.

34. To date, Weir has not received his base compensation for the period March 7, 2016 to April 8, 2016.

35. Weir is owed five weeks of pay at $1346.15 per week, totaling $6,730.75.

36. Weir is also due $186.12 in unpaid reimbursement requests.

37. Weir has not received a compensation towards his commissions in more than one year.

38. Weir has not yet received his W-2 for the tax year of 2016.

39. Commissions owed to Weir, based upon a percentage of sales made in 2013, 2014, 2015, and 2016, also remain unpaid.

40. Defendants knew that Mr. Weir had worked during those weeks and knew he wasn't being paid in accordance with the law.

41. Defendants' conduct, as set forth in this complain, was willful and in bad faith, and has caused significant damages to Weir.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT)

42. Plaintiff incorporates, by reference, all statements and allegations in paragraphs 1 through 41 as if fully re-written herein.

43. At all times, relevant herein, Defendants were Plaintiff's employers within the meaning of the FLSA.

44. At all times, relevant herein, Defendants were responsible for the timely payment of wages in accordance with the FLSA.

45. At all times, relevant herein, Plaintiff was an employee of Defendants' within the meaning of the FLSA.

46. Under the FLSA, an employer must pay employees on the regular payday for the pay period for any hours worked during that time frame.

47. Defendants' misconduct in failing to pay Weir for those weeks beginning March 6, 2016 through April 3, 2016 was willful and not based upon any reasonable interpretation of law.

48. Further, Defendants misconduct in failing to pay Weir in a timely manner for those weeks beginning February 6, 2016 through February 28, 2016, was willful and not based upon any reasonable interpretation of law.

49. As a result of Defendant's conduct, Plaintiff suffered damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (OHIO REV. CODE § 4113.15 – Ohio Prompt Pay Act)

50. Plaintiff incorporates, by reference, all statements and allegations in paragraphs 1 through 49 as if fully re-written herein.

51. At all times, relevant herein, Defendants were Plaintiff's employers within the meaning of O.R.C. § 4113.15.

52. At all times, relevant herein, Defendants were responsible for the timely payment of wages in accordance with O.R.C. § 4113.15.

53. At all times, relevant herein, Plaintiff was an employee of Defendants' within the meaning of O.R.C. § 4113.15.

54. Under O.R.C. § 4113.15, an employer must pay to employees all wages earned on at least a semi-monthly basis.

55. Plaintiff's last paycheck was received on or about March 17, 2016. This payment was alleged to cover the week beginning February 28, 2016.

56. Plaintiff performed his regular duties for Defendants for those weeks beginning March 6, 2016, March 13, 2016, March 20, 2016, and March 27, 2016. He has not received his compensation for those weeks.

57. Plaintiff used his authorized paid vacation leave for the week of April 3, 2016. He has not received compensation or pay for this week.

58. Plaintiff is due $186.12 in reimbursements and more than $20,000 in unpaid commissions.

59. Failure to pay Weir's regular wages, reimbursements, and commissions in a timely manner are in violation of the Ohio Prompt Pay Act.

## THIRD CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

60. Plaintiff incorporates, by reference, all statements and allegations in paragraphs 1 through 59, as if fully re-written herein.

61. Plaintiff and Defendant entered in to a mutual working relationship whereby Plaintiff worked for Defendant from August of 2013 until April of 2016.

62. In exchange for his performance as Sales Manager, Weir was to receive his salary plus one-half percent (.05%) on all sales as commissions.

63. Plaintiff was qualified for his position and had worked for the Defendant for several years, prior to his termination, and fulfilled his employer's legitimate expectations and terms of the contract.

64. Defendants breached their contract by failing to pay Weir more than twenty thousand dollars ($20,000) in earned commissions over the course of several years.

65. As a result of Defendant's conduct, Plaintiff suffered damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
## (CONSTRUCTIVE DISCHARGE)

66. Plaintiff incorporates, by reference, all statements and allegations in paragraphs 1 through 65 as if fully re-written herein.

67. Plaintiff and Defendant entered in to a mutual working relationship whereby Plaintiff worked for Defendant from August of 2013 until April of 2016.

68. Weir substantially performed his duties throughout the course of his employment.

69. Defendants failed to pay Weir his regular base pay for a period of five weeks prior to his resignation. He was also due significant commissions from years past and reimbursements.

70. Weir attempted, on multiple occasions, to address this lack of pay with Defendants.

71. Defendants intentionally created or knowingly permitted working conditions to exist that were so intolerable that a reasonable person in Weir's position would have no reasonable alternative except to resign.

72. Weir resigned because of these intolerable conditions.

73. Weir's resignation was a foreseeable result of Defendants' failure to pay Weir owed salary for five weeks, commissions, and reimbursement.

74. Weir has been harmed in an amount to be determined at trial for this loss of employment.

**WHEREFORE,** Plaintiff prays for the following:

A. Judgment for Plaintiff David Weir against the Defendant Ram Restoration LLC, awarding damages in an amount in excess of $35,000.00;

B. Compensatory damages, back pay, and fringe benefits;

C. Liquidated damages;

D. Front Pay;

E. Attorney fees, including legal expenses and costs, and prejudgment interest;

F. Such other relief as the Court deems appropriate and just in this matter.

## JURY DEMAND

Plaintiff requests this matter be tried to a Jury.

_____
Serah E. Siemann (0088687)
Siemann & Associates CO., L.P.A.
1015 E. Centerville Station Rd.
Centerville, Ohio 45459
(937) 496-1450 (phone)
(937) 496-1453 (fax)
ssiemann@siemannlaw.com

Attorney for Plaintiff